UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **APRIL PAW,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No. 7:24-cv-470-AMM-SGC |
| | ) |
| **WARDEN K. NEELY,** *et al.*, | ) |
| | ) |
| **Respondents.** | ) |

## **MEMORANDUM OPINION**

This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by April Paw, a federal prisoner incarcerated in this district. In general terms, Ms. Paw seeks, under provisions of the First Step Act, transfer to a prison closer to her home in Minnesota. The magistrate judge entered a report on January 30, 2025, recommending the claims presented in this matter be denied. Doc. 13. Ms. Paw has filed objections. Doc. 14.

As an initial matter, Ms. Paw takes issue with several procedural aspects of her case: (1) the referral of the petition to a magistrate judge; (2) the duration of the objection period; and (3) the failure to appoint counsel. *Id.* at 1. Referral of this matter to a magistrate judge for a preliminary report and recommendation complies with federal law and comports with the usual practices of this court. 28 U.S.C. § 636(b); Local Rule 72.1. Regarding the fourteen-day objection period, Ms. Paw did

not move for an extension of the deadline, instead filing competent objections.[1] Finally, nowhere in her various filings has Ms. Paw requested appointment of counsel. Docs. 1, 5, 8, 10–12. In any event, neither additional time nor appointment of counsel would alter the result here in light of the governing law. Accordingly, to the extent Ms. Paw objects on these procedural bases, the objections lack merit.

Substantively, Ms. Paw's objections focus on statutory language providing the Bureau of Prisons ("BOP") "shall" house inmates in prisons located close to their residences in certain circumstances. Doc. 14 at 3–4.[2] Ms. Paw contends this mandatory language overrides the BOP policy forbidding "closer to home" transfers for prisoners—like herself—subject to detainer by Immigration and Customs Enforcement ("ICE"). *Id.* at 2.[3] As explained in the report and recommendation, this argument fails. First, the statutory language on which Ms. Paw relies is subject to numerous conditions left to BOP's discretion; it does not require BOP to house a

---

[1] Ms. Paw's objections are self-contradictory regarding chronology. Ms. Paw states she did not receive the magistrate judge's report until February 4, 2025. Doc. 14 at 1. However, Ms. Paw dated her objections as signed on February 2, 2025, two days prior to her claimed receipt of the report. *Id.* at 4, 5.

[2] The petition relied on 18 U.S.C. § 3621(b). Doc. 1 at 6; *see* Doc. 12 at 11. In her objections, Ms. Paw contends 18 U.S.C. § 3632 requires her transfer. *See* Doc. 14 at 4.

[3] *See* BOP Program Statement 5100.08, CN-1, Inmate Security Designation and Custody Classification (Sept. 4, 2019) ("Inmates with an Order for Deportation, an Order of Removal, an ICE detainer for an unadjudicated offense(s) or an ICE detainer for a hearing will not be transferred for nearer release purposes since they will be returning to the community outside, rather than inside, the United States upon release."); Doc. 7-1 at 2.

prisoner at any particular prison. 18 U.S.C. § 3621(b).[4] Indeed, the same code subsection Ms. Paw relies upon as requiring BOP to transfer her also provides, "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.*

For the foregoing reasons, and because a prisoner has no constitutional right to be transferred to a particular prison, Ms. Paw's claims fail. *See Olim v. Wakinekona,* 461 U.S. 238, 245–47 (1983); *Meachum v. Fano,* 427 U.S. 215, 223–25 (1976); *Herrera v. Johns*, No. 513-031, 2013 WL 5574455, at *2 (S.D. Ga. Oct. 8, 2013). Accordingly, Ms. Paw's objections are **OVERRULED**. After consideration of the record in this case and the magistrate judge's report and recommendation, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the claims presented in this petition will be denied.

A separate order will be entered.

**DONE** and **ORDERED** this 4th day of March, 2025.



_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

---

[4] To the extent Ms. Paw now contends Section 3632 requires her transfer, that section merely requires BOP to "consider[]" transferring certain inmates, subject to a number of considerations left to the agency's discretion. 18 U.S.C. § 3632(d)(2).